UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. BATTLE,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br><br>MICHAEL J. ASTRUE, Commissioner of Social Security<br><br>　　　　　　Defendant. | CASE NO. 11-CV-829 WQH (WMc)<br><br>**REPORT AND RECOMMENDATION: (1) TO GRANT IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (2) TO DENY DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND (3) REMAND FOR FURTHER PROCEEDINGS**<br><br>[ECF Nos. 12, 14] |

**I.**

**INTRODUCTION**

This matter is before the Court on cross-motions for summary judgment. Plaintiff Robert E. Battle II brings his motion under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g)[1], seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Act. Plaintiff asks the Court to grant his motion for summary judgment, reversing the Commissioner's decision, which

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made afer a hearing to which he was a party . . . may obtain judicial review of such decision by a civil action . . . brought in the district court of the United States . . . . The court shall have the power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Plaintiff argues: (1) fails to properly discount Plaintiff's pain testimony; (2) fails to assign the proper weight to the opinions of Plaintiff's treating and examining physicians; (3) is not supported by substantial evidence at Step Four of the disability evaluation process. The Commissioner concurrently seeks summary judgment to affirm the ALJ's decision.

The Court finds the motions appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). After careful review of the moving and opposition papers, the administrative record, the facts, and the law, **the Court RECOMMENDS** Plaintiff's motion for summary judgment be **GRANTED IN PART**; Defendant's cross motion to affirm the ALJ decision be **DENIED** and this action be **REMANDED** for further administrative proceedings.

## II.

## PROCEDURAL HISTORY

On April 20, 2007, Plaintiff filed an application for Social Security Disability Insurance Benefits alleging disability on April 22, 2007. *See* Administrative Record ("AR") at 76. His application was denied initially and also on reconsideration. AR at 76. On February 7, 2008, a request for a hearing was timely filed. AR at 76. Plaintiff testified telephonically at a hearing held on October 2, 2009. *Id.* Plaintiff's attorney David Shore at the hearing and Vocational expert Mark Remas appeared at the hearing. *Id.* The ALJ submitted his decision on February 9, 2010, finding the claimant was not entitled to disability insurance benefits. AR at 81. On July 14, 2010, the Appeals Council vacated the February 9, 2010 decision and remanded Plaintiff's case to the ALJ for failure to provide Plaintiff with Exhibit 15F, a examination report of Plaintiff which was completed after the October 2, 2009 hearing. AR at 86. The Appeals Counsel also provided Plaintiff with the opportunity to attend a supplemental hearing, which was held on December 15, 2010. AR at 8. Following the supplemental hearing, the ALJ submitted his decision on December 21, 2010, finding again that the claimant was not entitled to disability insurance benefits. AR at 16. The decision of the Social Security Administration became final when the Appeals Council adopted the ALJ's findings in a decision dated February 22, 2011. AR at 1.

On April 20, 2011, Plaintiff filed the instant complaint pursuant to §405(g) of the Act in order to obtain judicial review of a "final decision" from the Commissioner of the Social Security

Administration ("Commissioner") denying his claim for Disability Insurance Benefits ["DIB"]. Defendant filed an answer to the complaint on September 12, 2011. [ECF Nos. 1, 9.]

On November 4, 2011, Plaintiff filed a motion for summary judgment. [ECF No. 12.] and Defendant filed a cross-motion for summary judgment (hereinafter "DM") on December 23, 2011. [ECF No. 14.] Both motions were found suitable for decision without oral argument and taken under submission.

## III.

## DISCUSSION

### 1.  Legal Standard

A claimant is entitled to disability benefits if, considering her age, education and work experience, she is unable to perform the work she previously performed and also the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months..." 42 U.S.C. § 423(d)(1)(A). The Act further provides that an individual:

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. **Step one** determines whether the claimant is engaged in "substantial gainful activity." If she is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision maker proceeds to **step two**, which determines whether the claimant has a medically severe impairment or combination of impairments. That determination is governed by the "severity regulation" which provides in relevant part:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. §§ 404.1520 c), 416.920 c).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521 (b), 416.921 (b). Such abilities and aptitudes include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; [u]se of judgment"; "[r]esponding appropriately to supervision, co-workers, and usual work situations"; and "[d]ealing with changes in a routine work setting." *Id.*

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the **third step**, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520 (d), 416.920 (d); 20 C.F.R. Part 404, Appendix 1 to Subpart P. If the impairment meets or exceeds one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the **fourth step**, which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520 (e), 416.920 (e). If the claimant cannot perform her previous work, the **fifth** and **final step** of the process determines whether she is able to perform other work in the national economy in view of her age, education, and work experience. The claimant is entitled to disability benefits only if she is not able to perform other work. 20 C.F.R. §§ 404.1520 (f), 416.920 (f).

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (citing *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance.

*Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985)). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if the reviewing court finds substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. *Id*.

**2.     The ALJ's Decision**

After weighing the evidence from the administrative record and listening to the testimony of Plaintiff and the experts, the ALJ determined Plaintiff retained the residual functional capacity to "only lift and carry 20 pounds occasionally and 10 pounds frequently and stand and walk up to 6 hours of an 8-hour workday and sit for 6 hours in an 8-hour workday." [AR at 11] The ALJ also found Plaintiff "could climb, stop[sic], kneel and crouch only occasionally... perform gross manipulation using the right wrist only frequently and could handle only frequently with the right hand." [AR at 11]

The ALJ found Plaintiff's testimony regarding the intensity, persistence and effects of his pain was unsupported by the medical record. [AR at 12] The ALJ relied instead on the opinion of an examining physician, Dr. Thomas Sabourin, as well as the State Agency medical consultant in reaching his decision on residual functional capacity. [AR at 13-14] The ALJ limited the weight given to the opinion of Dr. Thomas Schwheller because Dr. Schwheller did not review additional

1  medical evidence which was provided to the ALJ after the evaluation. [AR at 14] The ALJ also
2  assigned less than controlling weight to the opinion of treating physician, Dr. Ede, who opined
3  Plaintiff would not be "able to work for a least one year" because the determination of Plaintiff's
4  disability is an issue reserved to the Commissioner. [AR 14]

5  The ALJ determined Plaintiff was able to perform past relevant work as an auto-self service
6  station attendant. [AR at 15] However, because Plaintiff did not have the residual functional capacity
7  to perform the full range of light work, the ALJ also made alternative findings for step five of the
8  sequential evaluation process and determined Plaintiff was able to make an adjustment to other work
9  in the economy, namely representative unskilled, light occupations such as furniture rental clerk, mail
10 clerk and assembler. [AR at 15] Accordingly, the ALJ found Plaintiff was not disabled. [AR at 16]

11 **3.    Plaintiff's Contentions**

12 **A.    Plaintiff claims the ALJ's reasons for discrediting Plaintiff's allegations of**
13 **pain and limitation were unsupported by the record and legally insufficient.**

14 Plaintiff contends the ALJ's conclusion that Plaintiff did not seek consistent care for his back
15 pain is not supported by the record and provides a review of Plaintiff's medical history from 2007 to
16 2010. [ECF. No. 12 at pp. 9-12] Plaintiff also argues the ALJ's finding that Plaintiff engages in home
17 activities and other chores for family members does not discredit his testimony about the intensity of
18 his disability because daily chores are not indicative of the capacity to complete sustained work
19 activity during the day. *Id.* at 13.

20 Defendant argues the ALJ provided valid reasons supported by the record for finding Plaintiff's
21 testimony was not credible. [ECF No. 14 at p. 5] Defendant contends the ALJ found Plaintiff's
22 subjective claim of disabling symptoms was inconsistent with the objective medical evidence as well
23 as Plaintiff's daily activities. [ECF. No. 14 at p. 9] Defendant also argues the ALJ found Plaintiff's
24 testimony was inconsistent with the notes of his treating orthopedist, Dr. Mark Kruper. [ECF. No.
25 14 at pp. 8-9] Consequently, Defendant urges the Court to affirm the ALJ's credibility finding. [ECF.
26 No. 14 at p. 9]

27 An ALJ must provide reasons for discounting a plaintiff's testimony. *Stewart v. Sullivan*, 881
28 F.2d 740, 743 (9th Cir. 1989). However, the ALJ cannot reject the claimant's testimony solely on the

basis the testimony is not supported by objective medical evidence, but must use a combination of factors to make such a determination. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). When determining a plaintiff's credibility, the ALJ may consider the following: (1) claimant's reputation for truthfulness; (2) inconsistencies in either the claimant's testimony or between her testimony and her conduct; (3) claimant's daily activities; (4) claimant's work record; (5) testimony from doctors and other third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). If an ALJ's credibility finding is supported by substantial evidence from the record, the court may not second guess such a finding. *Id.* at 959.

Further, the ALJ must present clear and convincing reasons explaining why he or she discredits a claimant's testimony, absent a finding of claimant malingering. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th. Cir. 2008); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). General findings are insufficient; the ALJ must point to specific non-credible testimony and specific undermining evidence. *Id.*

The Ninth Circuit has held ALJs can consider the plaintiff's daily activities when determining whether a plaintiff's pain allegations are valid. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005), *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If the claimant is able to perform daily functions "involv[ing] many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude the claimant's pain does not prevent the claimant from working." *Fair*, 885 F.2d at 603. However, the Ninth Circuit was quick to point out instances where some daily activities are not easily transferable to the workplace, such as merely performing minimal housework. *Id.*

In *Fair*, the Ninth Circuit affirmed the ALJ's denial of benefits. 885 F.2d at 604. The court ruled the claimant's testimony of severe, debilitating, and persistent pain did not match the following objective evidence: the claimant had minimal treatment by doctors and physical therapists; the claimant failed to comply with the treating physician's recommendations, and; the claimant remained fully capable of caring for his personal and household needs. *Id.; see also Thomas*, 278 F.3d at 959 (affirming ALJ's findings discrediting claimant where no objective medical evidence existed to support claimant's description of pain and claimant engaged in various household chores and presented conflicting evidence of her activities to two different individuals); *Orteza v. Shalala*, 50 F.3d 748, 750

1  (9th Cir. 1995) (affirming ALJ's discrediting claimant where treating physician could not find
2  objective medical support for claimant's pain testimony, the claimant performed many household
3  chores--shopping, washing dishes, cooking, and visiting relatives--and the claimant was not taking
4  prescription medication); *Burch*, 400 F.3d at 680 (affirming ALJ's finding discrediting claimant where
5  objective medical evidence did not support claimant's testimony and claimant's daily activities
6  included caring for herself and others, cooking, cleaning, shopping, and personal financial
7  management).

8  Here, the ALJ found "the clamaint's medically determinable impairments could reasonably
9  be expected to cause the alleged symptoms." (AR at 12) However, the ALJ discredited Plaintiff's
10 statements regarding his disabling limitations as to "intensity, persistence and limiting effects" for the
11 following reasons:

12 (1) Plaintiff did not receive "the level of treatment to be expected for an individual that was
13 totally disabled"; (2) Plaintiff's statement of disabling symptoms were "out of proportion with the
14 medical record"; and 3) Plaintiff's testimony admitting certain abilities and daily activities. (AR at
15 12)

16 **B. ANALYSIS - Plaintiff's Credibility**

17 There is no evidence in the administrative record to suggest malingering on Plaintiff's part.
18 Accordingly, the ALJ was required to support his credibility finding with clear and convincing
19 evidence. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). As explained above, when
20 determining a plaintiff's credibility, the ALJ may consider: (1) claimant's reputation for truthfulness;
21 (2) inconsistencies in either the claimant's testimony or between her testimony and her conduct; (3)
22 claimant's daily activities; (4) claimant's work record; (5) testimony from doctors and other third
23 parties concerning the nature, severity, and effect of the claimant's condition. *Thomas v. Barnhart*,
24 278 F.3d 947, 958-59 (9th Cir. 2002).

25 The ALJ found Plaintiff's statements concerning the intensity, persistence and effects of his
26 impairments to be inconsistent with the medical record and opinion evidence. (AR at 12-14)
27 Specifically, in rejecting Plaintiff's pain testimony, the ALJ noted an inconsistency existed between
28 Plaintiff's statement that a doctor at UCSD advised him to refrain from surgery while the treatment

notes of Plaintiff's orthopedist, Dr. Kruper indicated Plaintiff "continues at this time to want to avoid surgical intervention." (AR at 488) In addition, the ALJ pointed to Plaintiff 's receipt of conservative treatments of injection and physical therapy in support of his findings discounting Plaintiff's disabling symptoms testimony.

The ALJ also considered Plaintiff's testimony that he could not work due to low back pain that rated a 7-out-of-10 in terms of intensity, however he found it inconsistent with the treatment notes of: (1) Plaintiff's orthopedist, Dr. Kruper, who opined that Plaintiff's symptoms were greatly improved in 2007 in response to steroid injections; and (2) the notes of examining physician, Dr. Sabourin who opined in 2009 that although there appeared to be "some pain with leg manipulation ... load tests were negative [and] the claimant demonstrated normal motor strength throughout the upper and lower extremities bilaterally." (AR at13, 488, and 550- 554)

As for consideration of Plaintiff's daily activities, the ALJ indicated in his opinion that while he heard testimony from Plaintiff that he has to lie or sit down for three-quarters of the day, there was no medical documentation to support that assertion, and Plaintiff testified he assists his parents, with whom he lives, with kitchen chores daily. (AR at 36) Plaintiff also testified at his first hearing that from April of 2007[2] to the date of his incarceration in 2009, he drove his nieces to and from school five days a week as well as babysat for his family members. (AR at 57-58)

After review of the administrative record, it is clear the evidence considered by the ALJ is specifically identified in his decision, documented in the administrative record and properly falls into three of the five categories[3] for the ALJ's consideration as delineated by the Ninth Circuit in *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). The Court may not, therefore, second guess the ALJ's credibility finding as to Plaintiff. *Id.* at 959; *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)(explaining the Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.) Accordingly, **IT IS RECOMMENDED** the

---

[2] Plaintiff claims disability from April 22, 2007 to the date of the ALJ's decision. (AR 8)

[3] When determining a plaintiff's credibility, the ALJ may consider: (1) claimant's reputation for truthfulness; (2) inconsistencies in either the claimant's testimony or between her testimony and her conduct; (3) claimant's daily activities; (4) claimant's work record; (5) testimony from doctors and other third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

1  Court find the ALJ properly determined Plaintiff's credibility was impeached by inconsistencies with
2  the record.

3

4  **C.    Plaintiff claims the ALJ failed to adequately reject the opinion of Plaintiff's**
5  **treating physician, Dr. Mark Kruper.**

6  Plaintiff contends the ALJ improperly rejected the opinion of treating physician Dr. Mark
7  Kruper by failing to address in any way his diagnosis as to Plaintiff's limitations. [ECF. No. 12 at p.
8  19]  Plaintiff requests remand so that the ALJ may consider Dr. Kruper's opinion, which Plaintiff
9  argues is consistent with the opinions of examining physician Dr. Schweller and treating physician
10 Dr. Ede, both of whom the ALJ credited, but afforded less weight than the opinions of an examining
11 physician and non-examining state agency medical consultant. *Id.*

12 Defendant argues the ALJ was justified in not addressing the opinion of Dr. Kruper because
13 his opinion was incomplete and not particularly helpful to the ALJ's determination at step five of the
14 evaluative process. [ECF. No. 14 at p.9]   Defendant also suggests the ALJ implicitly relied on the
15 opinion of Dr. Kruper when the ALJ rejected Plaintiff's disabling symptoms testimony and referenced
16 Dr. Kruper's note indicating Plaintiff had the ability to improve with treatment as support for the
17 credibility determination. *Id.*  Finally, Defendant argues the ALJ's failure to explicitly address Dr.
18 Kruper's opinion that Plaintiff should be limited to lifting 15 pounds is harmless because the "opinion
19 is substantially consistent with the ALJ's RFC finding, which limits Plaintiff to lifting up to twenty
20 pounds." *Id.*

21 The opinions of treating physicians are generally given greater weight than those of other
22 physicians because of the treating physicians' intimate knowledge of the claimant's condition.
23 *Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001).  Further, in order to reject the opinion
24 of a treating physician, the ALJ is required to show specific and legitimate reasons based on
25 substantial evidence from the record.  *Id.*; *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.
26 1996).  If the opinion is uncontroverted, the ALJ must provide clear and convincing reasons for
27 rejecting such testimony. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *see also Smolen*,
28 80 F.3d at 1285, *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989).  Where the report of a

treating physician is "brief and conclusionary in form with little in the way of medical findings to support the conclusion that appellant was totally disabled," the ALJ is proper in rejecting such information. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 n. 3 (9th Cir. 2004) (*quoting Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1988)). However, where the ALJ fails to provide adequate reasons for rejecting the treating physician's opinion, the court will credit the treating physician's opinion as a matter of law. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

### D. ANALYSIS - Weight of Treating Physician's Opinion [4]

As explained above, in order to reject the opinion of a treating physician, the ALJ is required to show specific and legitimate reasons based on substantial evidence from the record. Here, the ALJ determined Plaintiff retained the residual functional capacity to "lift and carry 20 pounds occasionally and 10 pounds frequently" (AR at 11), but did not address the opinion of treating physician Mark Kruper, or explain what, if any weight, was afforded to it in light of the record as a whole. The Court notes that while Dr. Kruper's opinion is not in a format that easily translates into a Residual Functional Capacity assessment, the ALJ must still address why he gave no apparent weight to Dr. Kruper's opinion that Plaintiff should be limited to lifting "no more than 15 pounds" (AR 488), especially when examining physician Dr. Schweller, to whose opinion the ALJ gave moderate weight, found Plaintiff should be restricted to lifting 10 pounds occasionally. (AR 500)

When the Commission improperly rejects an examining physician's opinion, the court will credit the treating physician's opinion as a matter of law. *Lester,* 81 F.3d at 834. Accordingly, Dr. Kruper's opinion must be credited. It is within the Court's discretion to decide whether to reverse and remand for further administrative proceedings or to reverse and award benefits. *McAlister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).

Remand is appropriate here where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). In the instant case, **the Court RECOMMENDS remand** not only because the ALJ

---

[4]Title II distinguishes among the opinions of certain physicians and assigns less weight to those doctors that do not treat or examine the claimant at issue: "(1) those who treat the clamaint (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the clamant (nonexamining physicians)."*Lester,* 81 F.3d at 830.

1  erred in failing to consider the opinion of treating physician Mark Kruper in developing Plaintiff's
2  RFC, but because the ALJ's determination at Step Four of the evaluative process was flawed. Plaintiff
3  asserts, and Defendant concedes, that the ALJ incorrectly determined that Plaintiff's past work as a
4  gas station attendant qualified as substantial gainful activity ("SGA") at Step Four.  (*See* Defendant's
5  Motion, ECF No. 14 at 12:14-20 ("In 2003 and 2004, SGA-level work equaled $800 and $810 per
6  month, respectively....Accordingly, Plaintiff's average monthly income in 2003 and 2004 was $758.40
7  and $742.24 per month, respectively, *which is just below the presumptive level of SGA for 2003 and*
8  *2004.*")(italics added).   Nevertheless, Defendant argues remand is unnecessary because the ALJ's
9  error at Step Four is harmless in light of the ALJ's alternate finding at Step Five.  In the alternate
10 finding, the ALJ determined that in addition to performing past work as a gas station attendant,
11 Plaintiff was able to perform the requirements of representative unskilled, light occupations such as
12 furniture rental clerk, mail clerk and assembler.  (AR 15-16)

13        The Court disagrees with Defendant's harmlessness assessment.  The ALJ's alternate finding
14 at Step Five was based on an RFC that was formed without properly crediting the opinion of treating
15 physician, Dr. Kruper, and therefore assumed a limitation of the ability to lift 20 pounds frequently.
16 (AR 40-44)  The Court has already indicated it was error for the ALJ to: (1) reject Dr. Kruper's
17 opinion without providing specific reasons, and (2) consequently assign a less restrictive limitation
18 than that found by Plaintiff's treating and examining physicians.  **IT IS THEREFORE**
19 **RECOMMENDED** the Court **REVERSE and REMAND** this matter for further administrative
20 proceedings to determine the effect of Dr. Kruper's opinion on Plaintiff's Residual Functional
21 Capacity and Plaintiff's ability to perform past work or any other work.

22                                   **IV.**
23                    **CONCLUSION AND RECOMMENDATION**
24        For the reasons explained above, **IT IS HEREBY RECOMMENDED** the Court **GRANT**
25 **IN PART** Plaintiff's motion for summary judgment, **DENY** the Commissioner's cross-motion for
26 summary judgment and **REMAND** this action for further administrative proceedings.
27 ///
28 ///

**IT IS ORDERED** that no later than **February 1, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties no later than **February 15, 2012**. The parties are advised that failure to file objections within the specified time may result in waiver of the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); see also Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 17, 2012

*[signature]*

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court