UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. BATTLE,<br><br>    Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | CASE NO. 11CV829 WQH (WMC)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 17) issued by United States Magistrate Judge William McCurine Jr., recommending that Plaintiff's Motion for Summary Judgment (ECF No. 12) be granted in part and Defendant's Cross-Motion for Summary Judgment (ECF No. 14) be denied, and that the matter be remanded for further proceedings.

**I.    Background**

On April 20, 2007, Plaintiff applied for Social Security Disability Insurance Benefits alleging disability beginning on April 22, 2007. Plaintiff's application was denied initially and on reconsideration. On October 2, 2009, a hearing was held before an administrative law judge ("ALJ"). On February 9, 2010, the ALJ issued a written decision finding that Plaintiff was not entitled to disability insurance benefits. On July 14, 2010, the Appeals Council vacated the ALJ's decision and remanded the case for failure to provide Plaintiff with an examination

report completed after the hearing. On December 15, 2010, a supplemental hearing was held before an ALJ. On December 21, 2010, the ALJ issued a written decision finding that Plaintiff was not entitled to disability insurance benefits. On February 22, 2011, the decision of the Social Security Administration became final when the Appeals Council adopted the ALJ's findings.

On April 20, 2011, Plaintiff initiated this action by filing a "Complaint for Review of Final Decision of the Commissioner of Social Security." (ECF No. 1).   On November 12, 2011, Plaintiff filed a Motion for Summary Judgment. (ECF No. 12). On December 23, 2011, Defendant filed a Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. (ECF Nos. 14-15).

On January 17, 2012, the Magistrate Judge issued the Report and Recommendation. (ECF No. 17).  The Report and Recommendation recommends that Plaintiff's Motion for Summary Judgment be granted in part, that Defendant's Cross-Motion for Summary Judgment be denied, and that the case be remanded for further proceedings.

On February 1, 2012, Defendant filed Objections to the Report and Recommendation. (ECF No. 18).  Defendant contends the court erred in finding that the ALJ did not provide adequate reasons to reject the opinion of Plaintiff's treating physician, Dr. Mark Kuper. Defendant contends the court erred in finding that the ALJ committed harmful error at step four of the evaluation process in finding that Plaintiff's past work as a gas station attendant was substantial gainful activity.

On February 8, 2011, Plaintiff filed a Reply. (ECF No. 19).

**II.     Standard of Review**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  The district court need not review de novo those portions of a Report and Recommendation to which neither

party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

A court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999) (citation omitted).

### III.  Discussion

A treating physician's opinion is given greater weight than those of other physicians because the treating physician has intimate knowledge of the claimant's condition. *See Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001). The ALJ must show specific and legitimate reasons based on substantial evidence from the record to reject the opinion of a treating physician. *See id.*; *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

The Magistrate Judge found that "the ALJ determined Plaintiff retained the residual functional capacity to 'lift and carry 20 pounds occasionally and 10 pounds frequently' (AR at 11), but did not address the opinion of treating physician Mark Kruper, or explain what, if any weight, was afforded to it in light of the record as a whole." (ECF No. 11). The Magistrate Judge found that the ALJ did not show specific and legitimate reasons based on substantial evidence from the record to reject the opinion of Dr. Kruper. The Magistrate Judge concluded that "[r]emand is appropriate here where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully." *Id*. (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)).

The Magistrate Judge also found that the ALJ incorrectly determined that Plaintiff's past work as a gas station attendant qualified as substantial gainful activity. The Magistrate Judge states: "The Court has already indicated it was error for the ALJ to: (1) reject Dr. Kruper's opinion without providing specific reasons, and (2) consequently assign a less restrictive limitation than that found by Plaintiff's treating and examining physicians. IT IS THEREFORE RECOMMENDED the Court REVERSE and REMAND this matter for further

administrative proceedings to determine the effect of Dr. Kruper's opinion on Plaintiff's Residual Functional Capacity and Plaintiff's ability to perform past work or any other work." (ECF No. 17 at 12).

After reviewing de novo those portions of the Report and Recommendation to which Defendant objected, and after Reviewing the Report and Recommendation and the ALJ's decision in light of the Administrative Record, the Court finds the Magistrate Judge correctly evaluated the facts and applied the controlling law in this case.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 17) is adopted in its entirety. Plaintiff's Motion for Summary Judgment (ECF No. 12) is GRANTED in part. Defendant's Cross-Motion for Summary Judgment (ECF No. 14) is DENIED. The Court REMANDS this case to the Commissioner of Social Security for further proceedings consistent with the Report and Recommendation.

DATED: March 22, 2012

**WILLIAM Q. HAYES**
United States District Judge