# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. BATTLE,<br><br>               Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | CASE NO. 11CV829 WQH (WMC)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b) filed by Denise Bourgeois Haley, counsel for Plaintiff Robert Battle. (ECF No. 23)

**I. Background**

On April 20, 2007, Plaintiff Robert Battle applied for Social Security Disability Insurance Benefits alleging disability beginning on April 22, 2007. Plaintiff's application was denied initially and on reconsideration. On October 2, 2009, a hearing was held before an administrative law judge ("ALJ"). On February 9, 2010, the ALJ issued a written decision finding that Plaintiff was not entitled to disability insurance benefits. On July 14, 2010, the Appeals Council vacated the ALJ's decision and remanded the case for failure to provide Plaintiff with an examination report completed after the hearing. On December 15, 2010, a supplemental hearing was held before an

ALJ. On December 21, 2010, the ALJ issued a written decision finding that Plaintiff was not entitled to disability insurance benefits. On February 22, 2011, the decision of the Social Security Administration became final when the Appeals Council adopted the ALJ's findings.

On April 20, 2011, Plaintiff initiated this action by filing a "Complaint for Review of Final Decision of the Commissioner of Social Security." (ECF No. 1). On November 12, 2011, Plaintiff filed a Motion for Summary Judgment. (ECF No. 12). On December 23, 2011, Defendant filed a Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. (ECF Nos. 14-15).

On January 17, 2012, the Magistrate Judge issued a Report and Recommendation. (ECF No. 17). The Report and Recommendation recommended that Plaintiff's Motion for Summary Judgment be granted in part, that Defendant's Cross-Motion for Summary Judgment be denied, and that the case be remanded for further proceedings. On March 22, 2012, the Court issued an Order adopting the Report and Recommendation in its entirety. (ECF No. 20). The Court remanded this case to the Commissioner of Social Security to determine the effect of Dr. Kruper's opinion on Plaintiff's Residual Functional Capacity and Plaintiff's ability to perform past work or any other work.

On remand, the ALJ issued an order finding that Plaintiff has been disabled under sections 216(I) and 223(d) of the Social Security Act since April 22, 2007. (ECF No. 23-2). On February 10, 2015, the Social Security Administration issued a Notice of Award, which provided past due benefit amounts from October 2007 through December 2014. (ECF No. 23-3). The Notice of Award states that "you are ineligible to receive benefits for the period of August 2009 through October 2009 and from April 2013 and continuing as you were convicted and incarcerated for a crime." *Id.* at 3. The Notice of Award further states that "[w]hen a representative wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee." *Id.* at 5. Although the Notice of Award does not provide an estimate of the total past due

benefits owed Plaintiff, it states: "We withheld $12,158.50 from your past due benefits in case we need to pay your representative." *Id.*

On May 29, 2012, the parties filed a joint motion to award Plaintiff $3,700 in attorneys' fees and $60 in costs pursuant to the Equal Access to Justice Act, 28 U.S.C. section 2412(d). (ECF No. 21). On May 31, 2012, the Court issued an Order, awarding Plaintiff with $3,000 in attorneys' fees and $60 in costs. (ECF No. 22).

On February 26, 2015, Attorney Denise Bourgeois Haley filed the Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b). (ECF No. 23). On March 2, 2015, the Court issued an Order stating that any responses to the motion be filed by March 16, 2015. (ECF No. 24). On March 31, 2015, the Court issued an Order stating that "Defendant Carolyn Colvin shall file a response to the Motion for Attorney Fees (ECF No. 23) no later than Monday, April 27, 2015" and that "Plaintiff Robert Battle may file a response to the motion no later than Monday, April 27, 2015." (ECF No. 25 at 2). On April 27, 2015, Defendant filed a response of non-opposition. (ECF No. 26). **II. Discussion**

Attorney Haley asserts that the Social Security Commissioner granted Plaintiff's application for benefits on remand, entitling him to receive approximately $48,634 in past benefits. Attorney Haley contends that she is entitled to $12,000 of the $12,158.50 withheld by the Social Security Commissioner as a 25% contingency fee. Attorney Haley contends that $12,000 is a reasonable fee because she spent 23.1 hours on this case and the resulting hourly rate is reasonable. Attorney Haley asserts that Plaintiff agreed to a contingency agreement. Attorney Haley asserts that the cost to Plaintiff will only be $9,000 because Plaintiff was awarded $3,000 in Equal Access to Justice Act fees.

42 U.S.C. section 406(b) provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions

> of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). "[A]mounts of past-due benefits shall be determined before any applicable reduction under section 1320a-6(a) of this title." 42 U.S.C. § 406(b)(1)(B)(ii). "[W]here the claimant's attorney receives fees for the same work under both [42 U.S.C. section 406(b)] and [the Equal Access to Justice Act], the claimant's attorney refunds to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985) (uncodified).

Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A court must respect "the primacy of lawful attorney-client fee agreements...." *Id.* at 793. "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. "[T]he court may require the claimant's attorney to submit ... a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* "[T]he district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

In this case, the "Social Security Representation Agreement" entered into between Plaintiff and Attorney Haley permits a contingency fee of 25% of the backpay "awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF No. 23-1 at 1). Accordingly, the $12,000 requested is below the 25% limit

provided by the agreement and Section 406(b).

Attorney Haley expended 23.1 hours prosecuting this Social Security appeal; $12,000 would not amount to a "windfall." (ECF No. 23 at 3); *Crawford*, 586 F.3d at 1151. Attorney Haley provided effective representation in this case and obtained a favorable result for her client. Attorney Haley entered into a contingency fee agreement with Plaintiff, taking on the risk that she would not be paid for her work in this matter. The Court concludes that $12,000 is a reasonable award.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b) (ECF No. 23) is GRANTED. Attorney Haley is awarded $12,000 in attorneys' fees. Defendant shall disburse the total withheld amount ($12,158.50) to Attorney Haley. Attorney Haley shall thereafter reimburse Plaintiff $3,000 for Equal Access to Justice Act fees and $158.50 in excess withholding.

IT IS FURTHER ORDERED that, no later than fourteen (14) days from the date this Order is filed, Plaintiff shall file a proposed judgment consistent with this Order and e-mail a copy of the proposed judgment in WordPerfect or Word format to efile_hayes@casd.uscourts.gov.

DATED: May 7, 2015

**WILLIAM Q. HAYES**
United States District Judge